### (September 23, 1942.)

HERBERT A. EDWARDS and ROSE M. EDWARDS, Appellants, v. STEUBEN OIL COMPANY, INC., Respondent.— Judgment so far as appealed from and the order denying a motion to file a supplemental complaint reversed on the law and the facts and the motion for a new trial granted as a matter of discretion, with costs to the appellants to abide the event. Findings of fact Nos. 1 and 6 disapproved and reversed. Memorandum: There were two actions involved in the trial herein, one commenced by the plaintiffs to restrain the defendant, Steuben Oil Company, Inc., from removing from the eight oil wells on the plaintiffs' premises the fixtures, pipes, machinery and equipment and other property used in connection therewith, the other commenced by the defendant, Steuben Oil Company, Inc., to replevin from the plaintiffs such fixtures, pipes, machinery and equipment. The two actions were consolidated and tried together. The complaint in the replevin action was dismissed and judgment was rendered in the equitable action denying an injunction. The defendant before the commencement of the action executed and delivered to the plaintiffs a written instrument surrendering its oil and gas leases and releasing and discharging the parties thereto from any, all and every liability thereunder. The release was received in evidence, as also were, without objection, certificates of sale for unpaid taxes by the county treasurer of Steuben county of the oil wells on plaintiffs' property. These certificates show that defendant's time to redeem the property from such tax sales had expired. The county

treasurer before the trial assigned such certificates to the plaintiffs. The plaintiffs were thereupon entitled to receive absolute deeds of the oil wells and the property connected therewith. In spite of the evidence so received the learned referee found that the defendant was the owner of and entitled to the possession of the fixtures and equipment appurtenant to the oil wells. These findings were against the weight of the evidence and should be disapproved and reversed. After the trial and before the entry of the judgment the plaintiffs received from the county treasurer deeds conveying the eight oil wells on plaintiffs' property and the equipment connected therewith, and thereupon made a motion asking the official referee for leave to file a supplemental complaint setting up the deeds. It was not a proper exercise of discretion for the official referee to deny the plaintiffs' motion. (*Leewood Hills, Inc.*, v. *New Rochelle Water Co.*, 255 App. Div. 883; appeals dismissed, 282 N. Y. 548.) Therefore, such motion should be granted and a new trial directed as a matter of discretion so that the new evidence set forth in the supplemental complaint may be admitted. All concur, except Crosby, P. J., who dissents and votes for affirmance in the following memorandum: The referee did not abuse his discretion in refusing to permit plaintiffs to change the election which they made by suing to recover the money which they had paid for taxes. Formerly it was the rule that merely pleading one cause of action constituted an election which barred a suit on an inconsistent cause. That rule is probably now relaxed. Even so, a party should not be permitted to prolong litigation indefinitely by pursuing one remedy through to an unfavorable decision, and then claiming the right to an inconsistent remedy. To be sure a party was never deemed to have made an irrevocable election of remedies where he was ignorant of the facts on which an election could be made; but, here, the plaintiffs knew the facts all the time and merely misunderstood the tax law because they sought and followed the advice of a county clerk who was probably a layman. (The portion of the judgment appealed from is for defendant in an injunction action.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.